(No. 18032.—Appeal dismissed.)
VENNING D. SIMONS *et al.* Appellees, *vs.* CLAUDE W. MOR-
RIS *et al.* Appellants.

*Opinion filed April 20, 1927.*

APPEALS AND ERRORS—*what order in suit for specific perform-
ance is not final.*  Although the court approves the findings of the master in favor of the complainants in a suit for specific perform-ance and overrules exceptions of the defendants to the master's report, an order re-referring the cause to the master to take an account as to the balance due the defendants on the contract is not a final order from which an appeal will lie.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

WYMAN, HOPKINS, McKEEVER & COLBERT, (AUSTIN L. WYMAN, of counsel,) for appellants.

TINSMAN & BLOCKI, (GALE BLOCKI, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a bill for the specific performance of an agree-ment to sell real estate, brought by the appellees against the appellants, in which the cause, after issue joined, was

referred to a master to report the evidence with his findings of fact and conclusions of law. The master made his report after overruling objections made to his findings by the appellants, the cause was heard upon the report and exceptions thereto, which were overruled, and the master's report was approved and confirmed. It was further ordered that the cause be re-referred to the master in chancery to take an account as to the balance due the defendant on the contract, and the amount of interest, taxes and special assessments paid to the defendant in accordance with the master's report. From this order an appeal was prayed and allowed.

The court made no decree directing specific performance of the contract. It simply overruled the exceptions to the report, approved the report and directed the taking of an account. Such a decree is interlocutory. It is no more final than the order of the court overruling a demurrer or overruling a motion for a new trial after the verdict of a jury. It does not order, adjudge or decree anything. From it may be anticipated what the decree of the court will be when finally rendered, but there is no final adjudication fixing the rights of the parties from which an appeal will lie. The order does not purport to grant any relief or direct anything to be done, but leaves the whole question of the rights of the parties unadjudicated and to be thereafter determined. The approval of the report was one step toward the final decree in the cause, but it was not a final declaration of the rights of the parties from which an appeal would lie.

The appeal is dismissed.

*Appeal dismissed.*